[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14099
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00488-KOB-SGC

FREDDIE WILSON,

Petitioner - Appellant,

versus

WARDEN,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 10, 2018)

Before WILLIAM PRYOR, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Freddie Wilson, a federal prisoner, appeals *pro se* the dismissal of his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction. Wilson argues that his counsel on direct appeal was ineffective and that his sentence is unlawful. We affirm.

A federal prisoner may collaterally attack his sentence by filing a motion to vacate it, 28 U.S.C. § 2255(a). But the saving clause of section 2255(e) permits a federal prisoner to file a petition for a writ of habeas corpus only when "the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). We review *de novo* whether a federal prisoner may file a petition for a writ of habeas corpus under the saving clause of section 2255(e). *McCarthan v. Dir. Of Goodwill Induc.-Suncoast*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).

The district court did not err in dismissing Wilson's petition, which alleged grounds for relief that he could have raised—and, in fact, did raise—in a motion to vacate his sentence under section 2255(a). That remedy was neither inadequate nor ineffective to test the legality of his sentence. And the bar of second or successive motions, 28 U.S.C. § 2225(h), does not make a motion to vacate inadequate or ineffective under the saving clause of section 2255(e). *McCarthan*, 851 F.3d at 1092.

**AFFIRMED.**

2